UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS G. DESPART,

    Plaintiff,

v.                        Case No: 2:18-cv-351-FtM-29CM

STATE OF FLORIDA,

    Defendant.

## OPINION AND ORDER

Plaintiff Thomas G. Despart, who is involuntarily civilly confined to the Florida Civil Commitment Center, is proceeding in this action on his *pro se* Amended Complaint (Doc. #5, "Amended Complaint"). Despart seeks to proceed *in forma pauperis* on his Amended Complaint (Doc. #2). As more fully discussed below, the Court dismisses the Amended Complaint.

### Background

The Amended Complaint names the State of Florida as the sole defendant and alleges that "Part V of the Florida Mental Health Act[1] is unconstitutional" because it exempts Plaintiff, due to his

---

[1] The Florida Mental Health Act ("Act"), Part I, is also known as the Baker Act, and is codified in Chapter 394.451-394.47892, Florida Statutes (2018). Part V of the Act, titled "Involuntary Civil Commitment of Sexually Violent Predators," also known as the Jimmy Ryce Act, is codified in Chapter 394.910-394.932, and provides that a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality

civil commitment status under Florida's Jimmy Ryce Act, from certain provision and safeguards contained in Part I of the Act and essentially allows "the state to hold the plaintiff in punitive conditions of confinement." (Doc. #5 at 1-2). Essentially Despart contends that Florida's Jimmy Ryce Act is "unconstitutional" because sexual offenders confined at the FCCC are not entitled to the same rights as those individuals civilly confined under the Baker Act. (Doc. #5 at 2). Although Despart does not explicitly identify any constitutionally protected rights of which he is deprived due to his commitment under the Jimmy Ryce Act, he does copy and paste various sections of the "Rights of Patients"[2] contained within Part I of the Act and contends that these portions must be added to the Jimmy Ryce Act (Section V of the Mental Health Act) "to bring it up to constitutional standards." (Doc. #5 at 2-4).

Despart provides the following litany of conditions to which he is subjected as evidence that his civil confinement is punitive: "he has no privacy rights," he is subject to "illegal search and

---

or personality disorder has so changed that it is safe for the person to be at large." Fla. Stat. § 394.917(2). The Act was promulgated for the dual purpose "of providing mental health treatment to sexually violent predators and protecting the public from these individuals." Westerheide v. State, 831 So. 2d 93, 112 (Fla. 2002).

[2] Codified at Fla. Sta. § 394.459 (2018).

seizure," his annual reviews "contain a lot of hearsay and inaccurate information," all of his "day to day contact" is with security staff, the FCCC has a "goon squad S.O.R.T. which is primarily used in prison settings," etc. (Doc. #5 at 4-5).

As relief, Despart asks this Court: (1) to declare the Section V of the Florida Mental Health Act unconstitutional, (2) to repair and open the G. Pierce Woods Mental Health Center, (3) require the state to fund the Florida Department of Children and Families (DCF) and stop hiring "for profit private contractors," (4) "give the DCF the legal authority" to rewrite the Mental Health Act, (5) place him "in a more therapeutic environment," (6) provide him with treatment books, (7) "gut the administrative, clinical, medical, and security staff," (8) hire new staff, (9) award him monetary damages, and (11) award him attorney's fees. (Doc. #5 at 5-6).

**Legal Standard**

Since Despart seeks to proceed *in forma pauperis*, the Court is to review the Complaint *sua sponte* to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Although Despart is considered a non-prisoner due to his civil commitment status, he is still subject to § 1915(e)(2). See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (finding "no error in

the district court's dismissal of [a non-prisoner's] complaint" under § 1915(e)(2)). In general, *pro se* complaints are held to "less stringent standards" than those drafted and filed by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, the standard pleading requirements under Fed. R. Civ. P. 8, Fed. R. Civ. P. 10 still apply to *pro se* complaints. Giles v. Wal-Mart Distribution Ctr., 359 F. App'x 91, 92 (11th Cir. 2009). In particular, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Overall, "a lengthy . . . personal narrative suggesting, but not clearly and simply stating, a myriad of potential claims" does not meet the pleading requirements of Rules 8 and 10. Giles, 359 F. App'x at 93.

Furthermore, this Court uses the standard for Fed. R. Civ. P. 12(b)(6) dismissals for dismissals under § 1915(e)(2)(B)(ii). See Alba v. Montford, 517 F. 3d 1249, 1252 (11th Cir. 2008). Under Rule 12(b)(6), a complaint is subject to dismissal if the claim alleged is not plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). All pleaded facts are deemed true for the purposes of Rule 12(b)(6), but a complaint is still insufficient without adequate facts. Id. The plaintiff must

assert enough facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The asserted facts must "raise a reasonable expectation that discovery will reveal evidence" in favor of the plaintiff's claim. Twombly, 550 U.S. at 556. Overall, "labels . . . conclusions, and a formulaic recitation of the elements of a cause of action" are not enough to meet the plausibility standard. Id. at 555.

**Analysis**

The Court now reviews Despart's Amended Complaint, *sua sponte*, and finds this action subject to dismissal under § 1915(e)(2)(B)(i)[3] and (ii). At the outset the Court takes judicial notice that over a decade ago, Despart, represented by counsel, filed an analogous complaint in this Court claiming, *inter alia*, that the Jimmy Ryce Act was unconstitutional because it was written to hold him in punitive conditions of confinement. *Despart v. Kearney*, No. 2:02-CV-4-FTM-29DNF, 2006 WL 2789007, at *5-6 (M.D. Fla. Sept. 26, 2006). This Court dismissed that claim with prejudice holding, in relevant part:

> The Florida Supreme Court has noted that 'Florida's Ryce Act is similar to the Kansas Sexually Violent Predator Act in many

---

[3] A judge performing an examination for frivolity under Section 1915(e)(2)(B)(i) is not required to assume the truth of the allegations. See Cofield v. Ala. Public Serv. Comm., 936 F.2d 512, 515 (11th Cir. 1991).

> respects.' Westerheide, 831 So.2d at 99, n. 6. In <u>Kansas v. Hendricks</u>, 521 U.S. 346 (1997) the United States Supreme Court held that involuntary confinement pursuant to the Kansas Sexually Violent Predator Act was not punitive because it did not establish criminal proceedings. Similarly, the Court finds that the Jimmy Ryce Act is not punitive because it does not establish criminal proceedings. Thus, the claim that the Jimmy Ryce Act is unconstitutional because it constitutes punishment is dismissed.

<u>Id.</u> Res judicata and collateral estoppel are affirmative defenses which justify dismissal of a claim as frivolous. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." <u>Miller v. Woodham</u>, No. 05-12425, 2006 WL 955748, at *1 (11th Cir. Apr. 12, 2006) (citing <u>Clark v. Ga. Pardons and Paroles Bd.</u>, 915 F.2d 636, 641 n.2 (11th Cir. 1990)). Here, Plaintiff's allegations are simply a rework of the allegations he raised in his earlier lawsuit and thus are barred by the doctrine of collateral estoppel and res judicata. <u>Wilson v. Lynaugh</u>, 878 F.2d 846, 850-851 (5th Cir. 1989) (dismissing complaint that reasserted allegations litigated in a previous suit), <u>cert. denied</u>, 493 U.S. 969 (1989).

Alternatively, the Court notes that the Florida legislature distinguished sexual offenders from individuals committed under the Baker Act and determined that the Baker Act was inadequate to properly address their condition:

> The Legislature finds that a small but extremely dangerous number of sexually violent predators exist who do not have a mental disease or defect that renders them appropriate for involuntary treatment under the Baker Act, part I of this chapter, which is intended to provide short-term treatment to individuals with serious mental disorders and then return them to the community. In contrast to persons appropriate for civil commitment under the Baker Act, sexually violent predators generally have antisocial personality features which are unamenable to existing mental illness treatment modalities, and those features render them likely to engage in criminal, sexually violent behavior. The Legislature further finds that the likelihood of sexually violent predators engaging in repeat acts of predatory sexual violence is high. The existing involuntary commitment procedures under the Baker Act for the treatment and care of mentally ill persons are inadequate to address the risk these sexually violent predators pose to society. The Legislature further finds that the prognosis for rehabilitating sexually violent predators in a prison setting is poor, the treatment needs of this population are very long term, and the treatment modalities for this population are very different from the traditional treatment modalities for people appropriate for commitment under the Baker Act. It is therefore the intent of the Legislature to create a civil commitment procedure for the long-term care and treatment of sexually violent predators.

§ 394.910, Fla. Stat.(2018). The legislature expressly stated its intent that sexually violent predators <u>not</u> be governed by Baker Act standards:

> The Legislature intends that persons who are subject to the civil commitment procedure for sexually violent predators under this part be subject to the procedures established in this part and **not to the provisions of part I of this chapter**. Less restrictive alternatives are not applicable to cases initiated under this part.

§ 394.911, Fla. Stat. (2018) (emphasis added).

In Seling v.Young, 531 U.S. 250 (2001), a case brought under 28 U.S.C. § 2254, the United States Supreme Court considered a sexually violent predator's "as applied" constitutional challenge-on double jeopardy and *ex post facto* grounds-to Washington State's sexually violent predator statute based on the conditions of his confinement (the petitioner claimed that the conditions of his confinement were too restrictive, that they were incompatible with treatment, and that the system was designed to result in indefinite confinement). Id. at 262. The Court rejected as unworkable a scheme where a sexually violent predator statute's punitive intent would be evaluated on an "as applied" basis and held that Washington State's legislative and judicial determination that its sexually violent predator statute was civil rather than criminal precluded the "as applied" double jeopardy and *ex post facto* challenges. The Court further noted that Seling's claims "were in many respects like the claims presented to the Court in [Kansas v.] Hendricks, [521 U.S. 346, 117 S. Ct. 2072 (1997)], where we concluded that the conditions of confinement were largely explained by the State's goal to incapacitate, not to punish." Id., at 262. Consequently, the fact that Plaintiff's conditions of confinement are not akin to the conditions of confinement of an individual held under the Baker Act does not *ipso facto* give rise to a constitutional violation.

Accordingly, it is hereby

**ORDERED:**

1. The Amended Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

2. The **Clerk of Court** shall terminate any pending motions, enter judgment, and close this file.

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of December, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:  FTMP-1

Copies:
Counsel of Record